UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABOOD, LLC                                          CIVIL ACTION NO. 25-2422

VERSUS

SAFEPOINT INSURANCE COMPANY

## NOTICE OF REMOVAL

Defendant SafePoint Insurance Company ("SafePoint") hereby removes to this Court the civil action now pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, no. 869971, Division G, styled "*Abood, LLC v. SafePoint Insurance Company.*" A copy of all pleadings, process, and orders that were originally served on defendant are attached as Exhibit A, which include, namely, (1) the Citation and (2) the Petition for Damages filed by Abood, LLC.

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'"). This action may be removed because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

In support of this removal, defendant shows that:

1.

This suit is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

2.

Diversity jurisdiction requires that the plaintiff be diverse in citizenship from every defendant. *Strawbridge v. Curtis*, 3 Cranch 267 (1806); *Tewari De-Ox Sys., Inc. v. Mountain*

1

*States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). The plaintiff in this matter was domiciled in the State of Louisiana at the time of filing of this suit and is at the time of removal. Thus, plaintiff is a citizen of the State of Louisiana.

3.

The defendant, SafePoint Insurance Company, was and is a Florida corporation with its principal place of business in Florida at the time the plaintiff filed this lawsuit and at the time of removal. Therefore, SafePoint was not a citizen of Louisiana at the time of removal or at the time the suit was filed.

4.

Accordingly, the parties' citizenship is diverse.

5.

Plaintiff's Petition (Exhibit A) does not include a formal monetary demand. Nevertheless, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

6.

This is a property damage insurance claim. Plaintiff seeks to recover for alleged damage sustained to their business, located at 1002 North Arnoult, Metairie, Louisiana 70001, as the result of vehicle collision with the building claim on or about November 25, 2024. (Petition, ¶ IV).

7.

Plaintiff alleges that SafePoint breached the insurance contract by failing to pay sums due under the policy of insurance for covered causes of loss. (Petition, ¶ IX *et seq.*).

8.

SafePoint issued a policy of insurance, bearing Policy No. SLPK0001682-03, to Abood LLC, for the period of March 2, 2024 to March 2, 2025, covering the property located at 1002 N Arnoult Road, Metairie, Louisiana 70001, according to its terms. (Exhibit B). Policy limits are $200,000 for covered damage sustained to the business personal property and $30,000 for damage to business income.

9.

To date, on plaintiff's claims, SafePoint has issued of payments of (1) $20,385.85; (2) $2,506.61; (3) $1,767.19; and (4) $369.57 under the business personal property coverage. (Exhibit C). The claim is subject to a $1,000 deductible. (Exhibit B).

10.

Plaintiff asserts that the insured business personal property sustained damage in the amount of $71,183.73. (Exhibit D, Plaintiff's Demand). Accordingly, considering the policy's $1,000.00 deductible and the prior payments totaling $25,029.22 listed above, $45,154.51 remains in dispute on the dwelling coverage.

11.

Moreover, the plaintiff is also seeking to recover consequential damages, penalties, and attorney's fees for alleged bad faith. (Petition, ¶X)

12.

Although SafePoint disputes that the plaintiff is entitled to damages, penalties or attorney's fees under any circumstances, Louisiana statutes entitle a plaintiff to recover amounts in excess of the face amount of the policy as a penalty in certain specific and enumerated circumstances. La. R.S. § 22:1892. Where punitive damages are recoverable, they must be

3

considered to the extent claimed in determining the jurisdictional amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Brown v. Globe Life & Accident Ins. Co.*, 2015 WL 6459698, at *3 (M.D. La. Sept. 29, 2015), *report and recommendation adopted,* 2015 WL 6456567 (M.D. La. Oct. 26, 2015); *Milner v. Farmers Ins. Co. of Oregon*, 2016 WL 7473851, at *3 (E.D. La. Dec. 29, 2016).

13.

Even though SafePoint disputes plaintiff's entitlement to any penalties, actual damages, or attorney's fees, these are included in determining the amount in controversy. "[A] case may be removed unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938), *and citing Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 564 (5th Cir.1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

14.

Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 is more than satisfied.

15.

Under La. R.S. § 22:1892, an insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, plus any proven economic damages sustained as a result of the breach, or one thousand dollars, whichever is greater, payable to the insured, or in the event that a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount

found to be due, plus any proven economic damages sustained as a result of the breach, as well as, in either instance, reasonable attorney fees and costs." La. R.S. § 22:1892(B)(1).

16.

Because the statute provides for recovery of attorney's fees, potential attorney's fees are included in analyzing the amount in controversy. *Maxwell v. Lesnick*, No. 1:16-CV-00300, 2016 WL 4070239, at *3 (W.D. La. June 23, 2016), *report and recommendation adopted,* No. 16-CV-00300, 2016 WL 4059549 (W.D. La. July 28, 2016); *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 873–74 (5th Cir. 2002). Courts generally evaluate attorney's fees at one third of the gross recovery in evaluating the amount in controversy. *Edwards v. N.W. Mut. Life Ins. Co.*, 16-CV-00871, 2016 WL 7077883, at *4 (W.D. La. Oct. 11, 2016), *report and recommendation adopted,* 16-CV-00871, 2016 WL 7108587 (W.D. La. Dec. 5, 2016).

17.

If the plaintiff's claim is seen as involving (1) unpaid policy benefits in the amount of $45,154.51, (2) a fifty percent penalty in the amount of $22,577.26, awarded under La. R.S. § 22:1892, and (3) an attorney's fee awarded under La. R.S. § 22:1892, the amount in controversy exceeds $75,000.00.

18.

Plaintiff filed the Petition on July 25, 2025, and served SafePoint through the Louisiana Secretary of State on November 10, 2025. (Exhibit A). Accordingly, Safepoint is filing this Notice of Removal timely, within the thirty-day removal period under 28 U.S.C. § 1446(b).

21.

This Court is the United States District Court for the district within which the state court action is pending. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

WHEREFORE, SafePoint Insurance Company prays that any further proceedings in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana be discontinued, and this action be recognized as removed and pending on the docket of this Court.

Respectfully submitted,

_____
**BRIAN J. D'ANGELO (#39151)**
**KENNEDY M. ROSE (#40036)**
SafePoint Insurance Company
P.O. Box 291579
Tampa, Florida 33637
bdangelo@safepointins.com
krose@safepointins.com
504-912-3147

*Attorneys for SafePoint Insurance Company*

## **CERTIFICATE OF SERVICE**

     I, Brian J. D'Angelo, hereby certify that on December 3, 2025, I caused a true and correct copy of the foregoing Notice of Removal, to be served by electronic means, upon the following:

>Abood LLC
>Through counsel:
>
>Richard Roniger, II
>Charbonnet Law Firm, LLC
>501 Clearview Parkway
>Metairie, Louisiana 70001
>rick@charbonnetlawfirm.com

                                           BRIAN J. D'ANGELO